## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 14-po-07995** |
| **v.** | * | |
| | * | |
| | * | |
| **DEBORAH M. LANCASTER,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |

************

### MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's motion to expunge her criminal record. ECF No. 5. The Government filed no opposition to the motion for expungement. No hearing is necessary. L.R. 105.6.

Defendant seeks expungement of a charge of willfully disobeying a lawful order and direction of a police officer following dismissal of this case. Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

"[E]xpungement of an arrest record is more akin to, for example, modification or revocation of supervised release." *Id.* at 582. "Accordingly, the Court finds that the exercise of ancillary

jurisdiction in the circumstances of this case falls within the second circumstance identified in *Kokkonen*." *Id.* "The authority to order expungement here is a logical and not unlawful extension of the court's authority to manage its proceedings, vindicate its authority, and (in particular) effectuate its decrees." *Id.* (footnote omitted).

Moreover, grounds for expungement exist here. *See id.* at 583. Federal courts may only grant expungement where a federal statute expressly permits expungement or where the court determines that extreme or exceptional circumstances warrant the exercise of its equitable power to order this type of relief. *Id.* Equitable circumstances may exist in cases where the underlying arrest or conviction was unlawful and/or unconstitutional; government misconduct is alleged; the statute on which the arrest was based is subsequently found unconstitutional; or where a defendant has been denied a security clearance, specific job opportunities, or has otherwise been materially harmed by the presence of criminal records. *Id.* at 584. The Court finds that extreme or exceptional circumstances warrant the expungement of Defendant's charge, as the Government has filed no opposition to Defendant's Motion and the employment disadvantage of having such a record weighs heavily in favor of expungement. *See id.* at 587-88.

Accordingly, for the reasons stated above and in order to restore Defendant to the status she occupied before the institution of criminal proceedings, Defendant's Motion to Expunge (ECF No. 5) is **GRANTED**. The Clerk of Court is directed to expunge from all official records all references to Defendant's charge for the offense in violation number 4350504, the institution of criminal proceedings against Defendant, and the results thereof in 14-po-07995-TMD.


Date: July 6, 2016                                     _____/s/_____
                                                       Thomas M. DiGirolamo
                                                       United States Magistrate Judge